

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 169 | **DATE** | 1/28/2003 |
| **CASE TITLE** | USA ex rel. Terrence Lyda vs. Jerry L. Sterns | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at .

(7) ☐ Trial[set for/re-set for] on _____ at .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to at .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, as indicated at the outset, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That being the case, that same Rule 4 mandates the summary dismissal fo the Petition, and this Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | number of notices | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | | 9 2003 | |
| ✓ | Docketing to mail notices. | | | | date docketed | 6 |
| ✓ | Mail AO 450 form. | | | | ML | |
| | Copy to judge/magistrate judge. | | | | docketing deputy initials | |
| SN | courtroom deputy's initials | | U.S. DISTRICT COURT | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. TERRENCE LYDA #B45980, )
)
Petitioner, )
)
v. ) No. 03 C 169
)
JERRY L. STERNS, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Terrence Lyda ("Lyda") has filed a self-prepared 28 U.S.C.

§2254[1] Petition for Writ of Habeas Corpus ("Petition"), using the

form of Petition provided by this District Court's Clerk's Office

for that purpose and completing the document both by filling in

the blanks in the form and by including a 10-page written

addendum and several exhibits. For the reasons stated in this

memorandum opinion and order, the Petition is dismissed summarily

(see Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts ("Section 2254 Rules")).

After the summary description in Petition Part I of Lyda's

conviction and direct appeal proceedings, Part II sets out the

nature and course of his later collateral proceedings in the

state court system: Lyda's September 1, 2000 filing of a post-

conviction petition in the Circuit Court of Cook County, followed

by its summary dismissal on October 27, 2000, then by the

_____

[1]   All further references to Title 28's provisions will
simply take the form "Section--."



affirmance of that summary dismissal by the Illinois Appellate Court on June 25, 2002 and finally by the Illinois Supreme Court's denial of leave to appeal that last decision on October 2, 2002. That sequence presents no problem of the current Petition's potential untimeliness in terms of the one-year limitation period established by Section 2244(d)(1): With the one-year time clock beginning to tick on March 22, 2000 (the date when Lyda's opportunity to file for certiorari in connection with his unsuccessful direct appeal expired, see <u>Anderson v. Litscher</u>, 281 F.3d 672, 675 (7th Cir. 2002)), after which the limitations clock was tolled under Section 2244(d)(2) during the pendency of Lyda's state court post-conviction proceedings, it is clear that a good deal less than the statutory one-year limit had elapsed before Lyda filed his Section 2254 Petition here.

But although Lyda's state post-conviction proceedings thus rendered his current effort timely, at the same time they help to defeat his attempt to obtain federal habeas relief as a substantive matter. This Court has obtained copies of both unpublished orders of the Illinois Appellate Court for the First District dealing with Lyda's crimes: the unpublished July 15, 1999 order in Case No. 1-97-3927, which affirmed his conviction and sentence on direct appeal, and the unpublished June 25, 2002 order in Case No. 1-00-4185, which affirmed the dismissal of his state court post-conviction proceeding. Although Lyda's current

Section 2254 Petition seeks to advance five grounds for relief, those Illinois Appellate Court orders reveal that he must fail on all five as a matter of law. None requires extended discussion.

First, Lyda's present claims of unconstitutionality related to the denial of his motion to suppress a lineup identification "as the tainted fruits of an illegal arrest" (Ground One) and to the asserted failure to prove him guilty beyond a reasonable doubt (Ground Two) were addressed by the Appellate Court on direct appeal. As to Ground One, the Appellate Court's decision placed entirely permissible reliance on <u>United States v. Crews</u>, 445 U.S. 463, 472-74 (1980), so that Lyda flunks the standard set out in Section 2254(d)(1). And as for Ground Two, Lyda did not rely before the Appellate Court on federal constitutional principles, rather than state law authorities, so that no federal attack can be launched here in the first instance.[2]

As for the other three claims--ineffective assistance of trial counsel (Ground Three), the claimed unconstitutionality under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) of Lyda's consecutive 12-year sentence for attempted first degree murder (Ground Four)[3] and ineffective assistance of appellate counsel on

---

[2] Even if a federally-based claim could be advanced here, it would surely fail under the authority of <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) and its innumerable progeny.

[3] That sentence was tacked onto his 27-year custodial sentence for first degree murder.

3

the direct appeal (Ground Five)--Grounds Three and Five appear to have been included in Lyda's post-conviction petition to the state Circuit Court, but he then did not submit them for resolution by the Illinois Appellate Court. Hence those contentions are foreclosed by procedural default (Lyda makes no effort to establish cause and prejudice relating to their not having been tendered to the Illinois courts for appellate review). Finally, Lyda's Apprendi-related claim (Ground Four) is wholly without merit, for the teaching of that case does not extend to the imposition of consecutive sentences such as the one about which Lyda complains here (see, e.g., United States v. Parolin, 239 F.3d 922, 92930 (7th Cir. 2001)).

Accordingly, as indicated at the outset, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That being the case, that same Rule 4 mandates the summary dismissal of the Petition, and this Court so orders.

Milton I. Shadur
Senior United States District Judge

Date: January 28, 2003