

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 169 | DATE | 2/20/2003 |
| CASE TITLE | USA ex rel. Terrence Lyda vs. Jerry L. Sterns | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Nothing in Lyda's current motion calls for any reconsideration or modification of the Opinion. As stated at the outset, both facets of the motion are denied. (8-1, 8-2)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 21 2003 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. TERRENCE LYDA #B45980, )
)
Petitioner, )
)
v. ) No. 03 C 169
)
JERRY L. STERNS, )
)
Respondent. )

MEMORANDUM OPINION AND ORDER

This Court's January 28, 2003 memorandum opinion and order ("Opinion") reviewed each of the claims that Terrence Lyda ("Lyda") had advanced in his self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"). After completing that review, the Opinion concluded that the Petition should be summarily dismissed pursuant to the directive contained in Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

Now Lyda has tendered another submission that he captions "Motion By Petitioner For Relief From Judgment Or, Alternatively, Motion For Findings By The Court." For the reasons stated here, both facets of that motion are denied.

To begin with, Lyda complains that the Opinion's dismissal of the Petition preceded any response by the respondent Warden, as this Court had earlier directed, by way of an answer to the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Petition. That is certainly true, but that dismissal procedure was occasioned by this Court's having taken a harder and detailed look (as Section 2254 Rule 4 expressly mandates) at what Lyda had set forth in the Petition.

As for the substance of Lyda's current contentions, although this Court had intended (and hoped) that the discussion in the Opinion would be self-explanatory to pro se litigant Lyda, some brief elaboration may be in order. This opinion will do that.

Lyda confirms, as Opinion at 3-4 had said based on this Court's having obtained and reviewed the relevant state court documentation as well as the Petition, (1) that his claims of ineffective assistance of trial and appellate counsel (Petition Grounds Three and Five) had been asserted by Lyda in his pro se post-conviction petition to the state Circuit Court but (2) that the appellate counsel who represented Lyda on appeal from the Circuit Court's rejection of post-conviction relief had not included those arguments on that appeal. Instead the appellate counsel limited the appeal to Lyda's Apprendi-related claim that Lyda has later made Ground Four in his Petition here. But as the Opinion held, that omission provides a classic instance of procedural default:

    1. If Lyda had wanted to preserve those ineffective-assistance-of-counsel issues despite appellate counsel's

decision not to do so,[2] Lyda should have exercised the prerogative of continuing to assert such contentions pro se.

    2. Lest Lyda consider the possibility of asserting still another claim of ineffective assistance--this time targeting the counsel who handled the post-conviction appeal--he should understand that the federal constitutional right to counsel does not extend to that step. Because by definition Lyda cannot establish cause for that procedural default, the analysis need not go on to consider the prejudice hurdle that Lyda would also have to overcome.[3]

With Lyda's ineffective assistance of counsel claims thus foreclosed because of their not having been presented for ultimate disposition in the state courts, Lyda is of course not entitled to an evidentiary hearing in this federal court. That dispatches the contention that Lyda has now made the subject of his Section IV.

---

    [2] It is unnecessary to explore whether that omission by counsel reflected a professional judgment that Lyda's claims of ineffective assistance lacked merit, or whether a strategic judgment was made by the appellate lawyer as to what claim or claims should be raised to optimize any likelihood of prevailing, or perhaps whether some other explanation accounts for the omission. In all events the controlling factor is as stated in the text.

    [3] What has been said here demonstrates the inadequacy of Lyda's discussion in Sections II and III of his current filing (Section I has already been rejected by the earlier explanation of the predicate for this Court's dismissal of the Petition without awaiting respondent's answer).

3

Lyda's Section V really sets out a state law claim rather than a federal constitutional claim, thus failing to qualify for habeas relief under Section 2254(a). Moreover, Lyda himself recognizes that this claim--his Petition Ground Two--is also procedurally barred because the presentation of that claim to the Illinois Appellate Court relied on state law authorities rather than on federal constitutional principles.

All that remains, then, is the effort by Lyda's current filing to obtain "findings under Rule 52(b)." But Fed. R. Civ. P. 52 applies to trials, not to the entirely proper resolution of Lyda's Petition via the Opinion. That request is also denied.

In summary, nothing in Lyda's current motion calls for any reconsideration or modification of the Opinion. As stated at the outset, both facets of the motion are denied.

                                                 */s/ William D. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: February 19, 2003