IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Terrence Lyda,                )
                              )
            Petitioner,       )
                              )
      v.                      )   No. 03 C 0169
                              )
Nedra Chandler,               )
                              )
            Respondent.       )

## MEMORANDUM ORDER

It seems that the prison grapevine has been active in promoting Fed.R.Civ.P. ("Rule") 60(b)(6) as the flavor of the month in federal habeas jurisprudence, being regarded by persons in custody as an appropriate vehicle for avoiding either (1) problems of untimeliness under 28 U.S.C. § 2244(d)[1] or (2) the need to obtain permission for a second or successive application under Section 2244(b). In this instance Terrence Lyda ("Lyda") seeks to invoke Rule 60(b)(6) to challenge this Court's dismissal of Lyda's Section 2254 petition in the early months of 2003 -- well over three years ago. But what Lyda seeks to characterize as a "procedural impropriety" that might arguably be cognizable under Rule 60(b)(6) really mislabels his current effort.[2]

---

[1] Further references to Title 28 provisions will simply take the form "Section --."

[2] This is quite apart from the obvious fact that such a stale claim, which does not fit any of the specific subparts of Rule 60(b), should not properly bring into play the catchall provision of Rule 60(b)(6) under the applicable caselaw.

Only one aspect of Lyda's filing merits separate discussion: his contention that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts has somehow been rendered ineffective or unconstitutional by enactment of the 1996 amendments to Section 2254. On that score it is simply wrong for Lyda to contend that every habeas petition necessarily calls for a response by the respondent, even though the petition itself carries the seeds of its own destruction. It is simply a matter of common sense, as well as good law, for Rule 4 to provide as it does:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

"Must dismiss" is not ambiguous. This Court wrote no fewer than four times in analyzing Lyda's Section 2254 petition and finding it wanting:

1. Initially this Court's January 28, 2003 memorandum opinion and order was written after it had obtained copies of the unpublished orders of the Illinois Appellate Court for the First District (one on direct appeal, the other on appeal of the dismissal of his state court post-conviction petition) and had explained why all five grounds advanced by Lyda failed the Rule 4 test.

2. Next, after Lyda tendered a further submission following issuance of the original January 28 opinion, this Court's February 19, 2003 memorandum opinion and order explained in detail why that further submission did not call for any change in the outcome: the summary dismissal of his Section 2254 petition.[3]

3. When Lyda then sought a certificate of appealability from both of the earlier substantive rulings, this Court issued a March 11, 2003 statement explaining, at greater length than is usually called for in addressing such requests, why no such certificate of appealability should issue.

4. Finally, on June 25, 2003 this Court issued a memorandum order addressing and rejecting Lyda's application for leave to proceed on appeal in forma pauperis (an application of which this Court had previously been unaware, because no copy had been delivered to its chambers). That order found that Lyda's appeal was "not taken in good faith" within the

---

[3] It is more than worth noting that Lyda'a additional submission had complained at the outset that this Court's original dismissal had preceded any response by the respondent's Warden -- a claim identical in substance to his current effort to challenge this Court's having acted pursuant to Rule 4. So even if Lyda's current contention had any potential for success (as it does not), it would be independently barred by issue preclusion or claim preclusion (depending on how the attempted implication of Rule 60(b)(6) would be characterized as a claim for relief).

meaning of Section 1915(a)(3), a term that the Court of Appeals' caselaw has read in the same objective sense as "nonfrivolous" in legal terms.

In sum, it is far too late for Lyda to look to Rule 60(b)(6) as the basis for relief well over two years after his basic claims were dismissed by final orders -- and that is underscored by the fact that he had already disputed this Court's utilization of Rule 4 as part of his original claims back in 2003. In short, Lyda's current motion for relief is summarily denied.

                                                                                _____
                                                                                Milton I. Shadur
                                                                                Senior United States District Judge

Date:     August 31, 2005